# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| JEFFERY GAYLON DOUGLAS, | ) ) ) ) ) | |
| Petitioner, | ) ) | No. 1:13-CV-01129-JDB-egb |
| v. | ) ) | |
| MIKE PARRIS, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court are the *pro se* motions of Petitioner, Jeffrey Gaylon Douglas, for a certificate of appealability ("COA") and to proceed *in forma pauperis* on appeal. (D.E. 79, 80.)[1] On September 22, 2016, this Court issued an order denying Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.E. 75.) The judgment was entered on October 3, 2016, D.E. 76, and Petitioner filed a notice of appeal on October 6, 2016, D.E. 78.

This Court has already considered and denied both of Petitioner's instant requests. The Court's September 22, 2016 order included a COA determination, as required by Rule 11 of the Rules Governing Section 2254 Cases. (D.E. 75 at 19–20.) Therein, the Court denied a certificate of appealability. (*Id.*) The Court also ruled that any appeal by Petitioner would not be

---
[1] Inexplicably, Petitioner chose to use the form for applying to proceed *in forma pauperis* in the Supreme Court of the United States. (D.E. 80.) Notwithstanding this error, the Court will treat it as a valid application for the purposes of this order.

taken in good faith, denied him leave to appeal *in forma pauperis*, and instructed him to apply for pauper status in the Sixth Circuit if he chose to appeal. (*Id.* at 20.)

Petitioner's instant motion for a certificate of appealability could be liberally construed as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "[A] court may alter [a] judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Petitioner's motion does not satisfy any of these standards, and on an independent review of the record, the Court finds no grounds to relieve him from its October 6, 2016 judgment.

Because Petitioner's Motions lack merit there are hereby DENIED.

Because Petitioner's Motions are meritless, the Court DENIES a certificate of appealability. As for any other appeal related to this matter, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that it would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee, *see* 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the Court of Appeals within thirty days, *see* Fed. R. App. P. 24(a)(4)–(5).

**IT IS SO ORDERED** this 19th day of October 2016.

s/ J. DANIEL BREEN_____
CHIEF UNITED STATES DISTRICT JUDGE